Slaybaugh, J.
This matter was heard upon the demurrer of the superintendent of banks to the petition of plaintiff on three grounds, to-wit: first, want of capacity to sue; second, misjoinder of parties defendant; third, that the petition did not state facts sufficient to constitute a cause of action. Decision has been rendered on the first and second ground of the demurrer, sustaining the demurrer.
The court now decides the matter, on the third ground set forth in the demurrer. Section 710-47, General Code, specifically authorizes banks to contract and be contracted with. Section 2732, General Code, sets forth certain securities that the county commissioners may accept as security for money deposited by the county with the bank so designated as depository, but does not limit or prohibit the commissioners from accepting as collateral security for such *207 deposits any other securities the commissioners may in their judgment see fit to accept; and the 'bid of the Bank of Ottawa Company, submitted by it, soliciting the contract as such depository, states, that if their bid is accepted they will furnish a bond signed by certain individuals named therein, “and or securities.” The bid and proceedings thereon are not perfect samples of the proceedings that should have been had by the board of county commissioners, but the court believes they are sufficient to show an intention on the part of the bank to negotiate as collateral security some kind of securities. The contract between the Bank of Ottawa Company and other persons, shown by inspection of the petition and the exhibits attached thereto, appears to the court to have been made in attempting to carry out the terms of the bid of said bank and to complete the transaction under which said bank was finally designated depository of the county funds.
The court is of the opinion, that unless the proceedings of the county commissioners are legal, then all the deposits made by the county after January, 1932, were unauthorized and illegal deposits and would become preferred claims against the general assets of said bank. The court is of opinion, however, that the bid and letting of this contract as county depository is legal, although it does not fully and completely follow the provisions of the statute, as it is plainly shown that the contract for the deposit of securities as collateral was substantially performed. Under Section 710-47, General Code, the legislature authorized the bank to contract and be contracted with, and said bank is bound to perform its part of any contract so entered into by it, which does not become void by reason of being against public policy. There would be no question that bonds described in Section 2732, General Code, would be the property of the county, hence, if the county commissioners accepted other security which the statute does not empower them to accept as collateral, the. securities so deposited would still be the property of the board of county commissioners.
A copy of all the agreements between the Bank of Ottawa Company and the persons signing the bond individually, as well as the list of the securities intended to be deposited as collateral, are a part of the records of the board of county *208 commissioners, as well as a part of the records of the Bank of Ottawa Company.
The intention of the Bank of Ottawa Company as well as the bondsmen on the depository bond was to transfer the securities set out in the petition for the benefit of the bondsmen signing such bonds, and although the contract and proceedings do not comply strictly with the provisions of the statute, still, in effect, it is a substantial compliance with the law. The court is also of the opinion that the superintendent of banks, in his official capacity, after taking charge of this bank, is bound by the terms of all the agreements and conditions set forth in the bond, and all the agreements between the parties, as well as the conditions of the bid and the bond submitted by this bank, and cannot repudiate the contracts and conditions of the bond heretofore entered into between the Bank of Ottawa Company, the signers of the depository bond and the board of county commissioners. It is a rule of law that no person can take advantage of his or her own wrong, and, if the Bank of Ottawa Company has made it possible for the signers of the bond and board of county commissioners to accept conditions of the bid, which would be, in fact, not strictly authorized by statute, it, as well as the superintendent of banks, is now precluded from taking advantage of such action to the damage and injury of the general public, represented by the board of county commissioners.
Therefore, the demurrer of the superintendent of banks to the petition on the ground that the petition does not state a cause of action is overruled. Exceptions .saved. Leave granted the superintendent of banks to answer by August 1, 1933.
This matter having also been heard upon the demurrer of superintendent of banks, I. J. Fulton, to the cross petition of A. L. Kahle, one of the defendants herein, is also overruled. Exceptions saved, leave granted to superintendent of banks to answer the cross petition of A. L. Kahle by August 1, 1933.
The demurrer of I. J. Fulton to the cross petition of Joseph Kahle one of the defendants herein, is also overruled. Exceptions saved. Leave granted superintendent of banks to answer the cross petition of Joseph Kahle by August 1, 1933.